UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                       |   |                          |
|-----------------------|---|--------------------------|
| GILBERT A. MACKALL,   | ) |                          |
|                       | ) |                          |
| Petitioner,           | ) |                          |
|                       | ) |                          |
| v.                    | ) | Civil Action No. 13-0797 |
|                       | ) |                          |
|                       | ) |                          |
| ERIC D. WILSON,       | ) |                          |
|                       | ) |                          |
| Respondent.           | ) |                          |

**MEMORANDUM OPINION**

In this action for a writ of habeas corpus brought *pro se*, petitioner claims that he was denied the effective assistance of counsel at trial and on direct appeal from his conviction in the Superior Court of the District of Columbia. *See* Pet. for a Writ of Habeas Corpus ("Pet.") at 5-6 [Dkt.# 1]. The United States moves to dismiss the petition (1) as time-barred, (2) for failure to exhaust the appellate counsel ineffectiveness claim, and (3) for lack of jurisdiction over the trial counsel ineffectiveness claim. United States' Mot. to Dismiss Pet'r's Pet. for a Writ of Habeas Corpus ("Resp't's Mot.") at 2 [Dkt. # 9]. Upon consideration of the motion and petitioner's opposition responding only to the trial counsel issue, *see generally* Pet'r's Opp'n [Dkt. # 11], the Court will grant respondent's motion on all three grounds and will dismiss this case.

**PROCEDURAL BACKGROUND**

Respondent has documented the following relevant facts. Following a jury trial in July 1995 in Superior Court, petitioner was convicted of first-degree felony murder while armed, conspiracy to commit robbery while armed, armed robbery, assault with a dangerous weapon, and carrying dangerous weapon. On September 7, 1995, petitioner was sentenced to aggregate prison terms of thirty years to life, running concurrently. On November 27, 1995, petitioner filed

a post-conviction motion under D.C. Code § 23-110, claiming that his trial counsel was ineffective for numerous failings. (*See* Resp't's Mot. at 3-4.) The sentencing court denied petitioner's motion on October 10, 1998, following evidentiary hearings. (*Id*. at 4.) On appeal from that order, which was consolidated with petitioner's direct appeal, the D.C. Court of Appeals ("DCCA") affirmed the denial of petitioner's § 23-110 motion. In addition, the DCCA affirmed petitioner's convictions save the armed robbery conviction that the parties agreed merged with the first-degree felony murder conviction. (Resp't's Ex. B, Mem. Op. and Judgment.) The DCCA's mandate issued on May 17, 2000; on June 14, 2000, the sentencing court vacated the armed robbery conviction and resentenced petitioner. (*See* Ex. D, Judgment and Commitment Order.)

Thereafter, petitioner initiated post-conviction proceedings under § 23-110 in July 2000, and under the Innocence Protection Act in July 2004. Following a hearing on both motions on July 14, 2004, and a re-sentencing hearing on July 29, 2004 to correct petitioner's sentence for the conspiracy conviction, the court denied both motions; it resentenced petitioner on the conspiracy count. (*See* Resp't's Mot. at 4-5; Ex. F.) The DCCA affirmed the denial of the foregoing motions on September 13, 2006, and issued the mandate on January 25, 2007. (Exs. G, H.) Petitioner also sought post-conviction relief on November 9, 2004, which was denied on March 14, 2005 (Ex. I), and again on March 7, 2005, June 4, 2007, and April 22, 2008. All of those motions were denied in an order issued on August 14, 2008. (Ex. J, Omnibus Order.) The DCCA affirmed the trial court's decision on September 22, 2009, and issued the mandate on November 20, 2009. (Exs. K, L.)

Petitioner filed a motion to recall the mandate on February 16, 2011, claiming that he was denied the effective assistance of appellate counsel when counsel failed to argue (1) that his Sixth Amendment right to confront witnesses was violated when an autopsy report was admitted

at trial without the medical examiner's testimony and (2) trial counsel's ineffectiveness for failing to object to the autopsy report's admission. (Ex. M.) The DCCA denied petitioner's recall motion on May 31, 2011, on the merits, and denied petitioner's motion to reconsider on July 8, 2011 (Exs. N, O, P.) The DCCA determined that the Sixth Amendment's confrontation clause "is not retroactively applied to collateral challenges" and that it had "stated that admission of an autopsy report pre-*Crawford v. Washington*, 541 U.S. 36 (2004), without objection, does not rise to the level of a [*Strickland*] violation." (Ex. N, Order, citing *Mungo v. United States*, 987 A. 2d 1145, 1155 (D.C. 2010) (applying *Strickland v. Washington*, 466 U.S. 688 (1984).)

Undeterred, petitioner filed yet another post-conviction motion on October 27, 2011, alleging trial counsel's ineffectiveness during plea negotiations. That motion was denied as a successive § 23-110 motion. (Ex. Q.) The DCCA affirmed the denial on March 20, 2013, and issued the mandate on April 11, 2013. (Exs. R, S.)

Petitioner filed this habeas action in May 2013. He alleges, *inter alia*, that he was denied ineffective assistance on appeal when counsel (1) failed to consult with him so that he could inform counsel "that it was important to argue. . . that my sentence violated the double jeopardy clause . . . "; (2) failed to argue trial counsel's ineffectiveness in "misadvis[ing] Petitioner about the penalty for first-degree murder which caused Petitioner to reject a favorable plea offer and go to trial instead"; and (3) failed to argue trial counsel's ineffectiveness "by not requesting an informant instruction at trial." Pet. at 5.

I. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Unlike prisoners convicted in state courts or those convicted in a United States District Court, "a District of Columbia prisoner has no recourse to a federal judicial forum [under either § 2254 or § 2255] unless [he shows that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479

U.S. 993 (1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson*, 119 F.3d 34, 37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not."). Hence, the Court's jurisdiction to review petitioner's convictions is limited to "those claims that could [not] have been raised through section 23-110" of the D.C. Code. *Williams v. Martinez*, 586 F.3d 995, 999 (D.C. Cir. 2009) (quoting *Blair-Bey v. Quick*, 151 F.3d 1036, 1043 (D.C. Cir. 1998)).

A claim predicated on trial counsel's ineffectiveness is cognizable under D.C. Code § 23-110, *see Coleman v. Ives*, 841 F. Supp. 2d 333, 335 (D.D.C. 2012), and the instant petition presents no basis for finding the local remedy inadequate or ineffective. On the contrary, petitioner's multiple use of the local remedy has resulted in hearings on the merits in both the trial and appellate courts. The fact that petitioner has not wholly prevailed "does not pave the way for collateral attack" in this Court. *Garris*, 794 F.2d at 727 (footnote and citations omitted); *see Wilson v. Off. of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995) ("A petitioner may not complain that the remedies provided him by D.C. Code § 23-110 are inadequate merely because he was unsuccessful when he invoked them."); *accord Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases). Consequently, the Court will grant respondent's motion to dismiss this claim for want of jurisdiction.

## II. TIMELINESS AND EXHAUSTION

In *Martinez*, the District of Columbia Circuit determined that D.C. Code § 23–110 does not bar a habeas petition challenging the effectiveness of appellate counsel "because the Superior Court lacks authority to entertain a section 23–110 motion challenging the effectiveness of appellate counsel." *Id*., 586 F.3d at 999. Thus, "D.C. prisoners who challenge the effectiveness of appellate counsel through a motion to recall the mandate in the D.C. Court of Appeals will get

a second bite at the apple in federal court," *id*. at 1000, under "the standard set forth in 28 U.S.C. § 2254." *Id*. at 1002; *see also Adams v. Middlebrooks*, No. 10-1945, 810 F. Supp. 2d 119, 122 (D.D.C. 2011) ("[T]he clear weight of authority [] finds that a prisoner 'in custody pursuant to a judgment of the D.C. Superior Court' must seek habeas review under 28 U.S.C. § 2254.") (citing cases).

A petition under § 2254 must be filed within one year of: a) the date a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review"; (b) "the date on which the impediment to filing an application created by State action . . . is removed . . ."; (c) the date on which the Supreme Court recognized a new constitutional right and made it retroactive to cases on collateral review; or (d) the date "on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1). The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id*. § 2244(d)(2). Furthermore, the limitations period is not jurisdictional and, thus, "is subject to equitable tolling in appropriate cases," *Holland v. Florida*, ─ U.S. ─, 130 S.Ct. 2549, 2560 (2010), namely, when a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 2562 (citation and internal quotation marks omitted).

Applying a liberal timeline, petitioner filed the current petition in May 2013, two years after the DCCA denied his motion to recall the mandate on the only claim this Court has authority to review. He does not set forth any credible reason for equitable tolling. Hence, the Court finds this claim untimely.

Furthermore, respondent argues correctly that dismissal is warranted because petitioner failed to exhaust the underlying claim of ineffective assistance of appellate counsel, which is not based on the confrontation clause but on wholly different issues that were not presented to the DCCA in the February 16, 2011 recall motion. This Court's habeas review is limited to claims that the state court adjudicated. *See Burt v. Titlow*, 134 S.Ct. 10, 15 (2013) ("AEDPA . . . imposes a highly deferential standard for reviewing claims of legal error by the state courts: A writ of habeas corpus may issue only if the state court's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by' this Court.") (citing 28 U.S.C. § 2254(d)(1)). Hence, the Court grants respondent's motion to dismiss also on the grounds of untimeliness and failure to exhaust. A separate Order accompanies this Memorandum Opinion.

_____/s/_____
ELLEN S. HUVELLE
United States District Judge
on behalf of the Calendar Committee

Date: March 29, 2014